UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCAL 791, UNITED FOOD AND COMMERCIAL WORKERS UNION,<br>Plaintiff,<br><br>v.<br><br>SHAW'S SUPERMARKETS, INC.,<br>Defendant. | Civil Action No. |

## COMPLAINT

I. Introduction

    1. This complaint by Local 791, United Food and Commercial Workers Union ("Union") seeks injunctive relief to compel the employer, Shaw's Supermarkets, Inc. ("Employer") to proceed to arbitration on two (2) grievances involving the Employer's violations of a collective bargaining agreement between the parties ("CBA"). Because the Employer's refusal to submit to arbitration is without justification, the Union requests its costs and attorney's fees incurred in connection with this complaint.

II. Jurisdiction and venue

    2. The jurisdiction of this Court is invoked pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

    3. The venue of this Court is invoked pursuant to 28 U.S.C. § 1391, in that the events or omissions giving rise to this action occurred in this judicial district.

III. Parties

    4. Plaintiff Local 791, United Food and Commercial Workers Union ("Local 791") is a labor organization within the meaning of section 301. Its principal office is in Easton,

Massachusetts. Local 791 is the collective bargaining representative of approximately 6000 employees of Shaw's Supermarkets, Inc.

5.  Defendant, Shaw's Supermarkets, Inc. ("Shaw's") is a supermarket food store chain and an employer within the meaning of section 301.  Shaw's principal office is in West Bridgewater, Massachusetts.

IV.  Facts

6.  The Union and the Employer are parties to a series of collective bargaining agreements, including an agreement effective from August 1, 2004 to August 2, 2008 (the "CBA").

7.  The agreement contains in Article 13 a grievance and arbitration procedure culminating in final and binding arbitration.

8.  On or about February 2008, the Union learned that the Employer was failing to assign employees to Sunday and holiday shifts based on their seniority and in violation of the parties' CBA.

9.  Thereafter, on February 12,, 2008, the Union filed a grievance challenging the Employer's violation of the parties' CBA in its failure to assign employees to Sunday and Holiday overtime based on their seniority. This grievance was assigned Grievance No. 2395.

10.  Grievance No. 2395 proceeded through the three (3) grievance steps set forth in the CBA and the Employer denied the grievance at each step.

11.  Unsatisfied with the Employer's response and the grievance remaining unresolved, pursuant to Article 13, Section 2, on June 11, 2008, the Union submitted Grievance 2395 to arbitration  by written notice to the American Arbitration Association and the Employer's Labor Relations Department.

12. Thereafter, the parties selected an Arbitrator pursuant to a list of arbitrators supplied by AAA and a hearing was scheduled to be held on June 2, 2009.

13. On April 14, 2009, counsel for the Union, Terence E. Coles, Esquire, sent an email to counsel for the Employer, Marcellino Labella, Esquire, setting forth that Grievance 2395 scheduled for arbitration on June 2, 2009 and proposing that the parties agree to postpone the case until after another grievance involving the assignment of Sunday work was resolved ("the Sunday work arbitration").

> Hi Marc: this case is scheduled for arbitration on June 2, 2009. It seems like the issues potentially overlap with the current Sunday work arbitration before Arb. Stutz so the Union proposes to postpone this case until the present Sunday work case is decided. Is the Company in agreement? Let me know ASAP so that we avoid a cancellation fee.
> Thanks, Terry

14. On April 14, 2009, Mr. Labella sent an email response to Mr. Coles, agreeing to place Grievance No. 2395 in abeyance pending the outcome of the Sunday work arbitration:

> Terry:
>
> I have reviewed file # 2395.
> Without agreeing to the precedential value prior to issuance of an award, the Company does agree to hold this case, 2395 in abeyance pending the outcome of the Sunday work arbitration.
>
> Please contact AAA.

15. On April 14, 2009, Mr. Coles notified AAA that the parties wished to place Grievance 2395 in abeyance pending resolution of the Sunday work arbitration.

16. On April 16, 2009, AAA notified the parties that, pursuant to the parties' agreement, the hearing scheduled for June 2, 2009 was postponed and the matter would be placed in abeyance pending the outcome of settlement discussions/negotiations. The notice from AAA also informed

3

the parties that "the Association will keep this case inactive for up to one year from the date of this letter. If the parties do not reactivate it before the deadline expires, the file will be administratively closed."

17. On or about June 15, 2008, the Union learned that the Company had violated the parties' CBA when it filled a bargaining unit position vacancy, Assistant Front End Manager, at the Wakefield, Rhode Island store by transferring a Service Desk Manager. Pursuant to the parties' CBA and a Memorandum of Agreement between the Union and the Employer, the vacancy should have been filled by recalling an employee on layoff.

18. On or about June 21, 2008, the Union filed a grievance challenging the Employer's violation of the parties' CBA in its failure to fill the Assistant Front End Manager vacancy with an employee on layoff. This grievance was assigned Grievance No. 2414.

19. Grievance No. 2414 proceeded through the three (3) grievance steps set forth in the CBA and the Employer denied the grievance at each step.

20. Unsatisfied with the Employer's response and the grievance remaining unresolved, pursuant to Article 13, Section 2, on October 16, 2008, the Union submitted Grievance 2414 to arbitration by written notice to the American Arbitration Association and the Employer's Labor Relations Department.

21. Thereafter, the parties selected an Arbitrator pursuant to a list of arbitrators supplied by AAA and a hearing was scheduled to be held on September 9, 2009. The hearing was rescheduled to September 22, 2009.

22. On August 5, 2009, Union Representative Michael Fox sent an email to counsel for the Company, Mr. Labella, proposing that the parties agree to place Grievance 2414 in abeyance until another grievance, Grievance No. 2410, was resolved.

23. On August 7, 2009, Mr. Labella sent an email to Mr. Fox, setting forth that the Company would agree to placing Grievance No. 2414 in abeyance for the scheduling or an arbitration hearing until thirty days from the issuance of the decision in the arbitration of Grievance No. 2410:

> The Company agrees to the Union placing grievance # 2414 in abeyance for the scheduling of an arbitration hearing until thirty days from the issuance of the decision in the arbitration award for grievance # 2410. The Company does not agree to waive any and all arguments in either matter and maintains that this agreement in no way either admits nor denies the application or value of either award.

24. On August 10, 2009, Mr. Labella sent another email to Mr. Fox, clarifying his position on holding Grievance No. 2414 in abeyance pending the outcome of Grievance No. 2410:

> Mike:
> I would agree to the abeyance request pursuant to my earlier response. That is after the earlier award is issued, the union has 30 days after the award is issued in 2410 to move 2412 out of abeyance by letter to me and the AAA. The letter indicating that 2412 is to be scheduled must be issued within 30 days of the 2410 decision, if not it will be deemed dropped.

25. On August 10, 2010, the Union notified AAA that the parties wished to place Grievance No. 2414 in abeyance pursuant to their agreement.

26. On August 13, 2009, AAA notified the parties that, pursuant to the parties' agreement, the hearing scheduled for September 22, 2009 was postponed and the matter would be placed in abeyance pending the outcome of settlement discussions/negotiations. The notice from AAA also informed the parties that "the Association will keep this case inactive for up to one year from the date of this letter. If the parties do not reactivate it before the deadline expires, the file will be administratively closed."

27. October 20, 2010, the Union sent a letter to AAA requesting reactivation of both Grievance No. 2395 and Grievance No. 2414.

28. On October 29, 2010, AAA responded to the Union's request to reactivate Grievance No. 2395 and Grievance No. 2414. With respect to Grievance No. 2395, AAA set forth that the case had been administratively closed for over four (4) months and the AAA would not resume administration of the case under the old AAA case number (#11 300 1182 08). AAA advised the parties that the AAA could proceed with administration of Grievance No. 2395 but that AAA would have to assign it a new case number and the parties would be assessed another filing fee of $200 per party. With respect to Grievance 2414, AAA set forth that the case had been administratively closed for a couple of months and, therefore, AAA could resume administration of the case under the original case number and no new filing fee would be assessed.

29. On November 8, 2010, the Company notified AAA that it would not cooperate with the administration or processing of Grievance No. 2395 and Grievance No. 2414 based on the fact that both cases had been administratively closed by AAA. The Company advised AAA that it should not contact the Company regarding these matters and advised the Union that it would have to seek to compel the Company's participation at arbitration of these matters.

30. The Company's refusal to cooperate in the administration and processing of Grievance No. 2395 is unjustified and contrary to the parties' CBA and agreement. Pursuant to the parties' agreement, Grievance No. 2395 has been placed in abeyance pending the outcome of the Sunday work arbitration (AAA No. 11 300 01626 03). The Sunday work arbitration is currently being briefed by the parties and a decision by the arbitrator in that case is expected in February 2011. Accordingly, Grievance No. 2395 should remain in abeyance pursuant to the agreement and the Company should take whatever steps are necessary to have AAA continue administrating and processing Grievance No. 2395.

31. The Company's refusal to cooperate in the administration and processing of Grievance No. 2414 is unjustified and contrary to the parties' CBA and agreement. Pursuant to the parties' agreement, Grievance No. 2414 has been placed in abeyance pending the outcome of the Grievance 2410. Grievance 2410 is currently being presented to an arbitrator at the AAA (AAA No. 11 300 2012 08) and the next day of hearing is scheduled for January 6, 2011. Accordingly, Grievance No. 2414 should remain in abeyance pursuant to the agreement and the Company should take whatever steps are necessary to have AAA continue administrating and processing Grievance No. 2414.

32. Because the Company has refused to participate in the processing and administration of Grievance No. 2395 and Grievance No. 2414 at the AAA, the Union has been compelled to bring this action.

33. The Union alleges that, pursuant to the parties' agreements placing both Grievance No. 2395 and Grievance No. 2414 in abeyance pending the outcome of other grievances that have yet to be resolved, both grievances should continue to be administratively processed at the AAA and the Company is violating both the CBA and the parties' agreements by refusing to cooperate in this processing.

## COUNT I
### ( 29 U.S.C. § 185)

34. Plaintiff incorporates and realleges the allegations of paragraphs 1-33 of the Complaint.

35. Defendant is violating the parties' CBA by refusing to submit to arbitration on two (2) grievances.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays:

1. That the Court order the Company, its agents, attorneys, and persons in concert therewith from refusing to proceed to arbitration on Grievance No. 2395 and Grievance No. 2414.

2. For its costs and attorney's fees, and

3. For such other and further relief as the Court may deem proper and just.

    Respectfully submitted,

    UNITED FOOD & COMMERCIAL
    WORKERS UNION, LOCAL 791,

    By its attorneys,

    _s/Terence E. Coles_____
    Terence E. Coles, BBO #600084
    PYLE ROME EHRENBERG, P.C.
    18 Tremont St., Ste. 500
    Boston, MA 02108
Dated: December 6, 2010    (617) 367-7200